UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CANDICE A. HAMMER, as widow ) | |
| and next of kin of ALLAN LEE WARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:00-CV-314 |
| ) | (VARLAN/SHIRLEY) |
| OCCUPATIONAL ENVIRONMENTAL ) | |
| MEDICINE, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the Court on defendants' Motion to Amend Order to Allow For For [sic] Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. 159]. On March 23, 2005, the Court entered a Memorandum Opinion [Doc. 156] and Order [Doc. 157] resolving multiple motions for summary judgment as well as a motion to amend the complaint. [*See* Docs. 104, 112, 116, 118, 148]. Defendants sought summary judgment based upon the government contractor defense. In its Memorandum Opinion, the Court "conclude[d] that the provision of medical testing services does not implicate a uniquely federal interest" under the facts of this case. [Doc. 156 at 7]. Consequently, the Court determined that the government contractor defense did not apply to this case. [*Id*.].

Defendants argue that the Court should amend its Order to "include the language that will allow the Sixth Circuit Court of Appeals to exercise its judgment and discretion under 28 U.S.C. § 1292(b)." [Doc. 160 at 3]. First, defendants urge the Court to find that its denial

of the government contractor defense "involves a controlling question of law." 28 U.S.C. § 1292(b). Second, defendants urge the Court to find that "there is substantial ground for difference of opinion" on that controlling question of law. *Id*. Finally, defendants urge the Court to find that an immediate appeal "may materially advance the ultimate termination of the litigation." *Id*.

Plaintiff, on the other hand, opposes defendants' motion. [*See* Doc. 162]. She disputes that the Court's basis for denying the government contractor defense is a controlling question of law. She also disputes that there is substantial difference of opinion. Finally, she disputes that an immediate appeal would materially advance the ultimate determination of this case. For these reasons, she urges the Court to deny defendants' motion.

For the reasons discussed herein, defendants' motion will be denied.

**I.      Relevant Facts**

Plaintiff filed this wrongful death action in Anderson County Circuit Court. [*See* Doc. 1]. Defendants properly removed the case to this Court. [*Id*.]. Plaintiff is the widow of Allan Lee Warner, who died when he suffered a heart attack following a physical examination that was a requirement of his employment with the U.S. Department of Energy. [*Id*.; *see also* Doc. 158]. As part of the physical examination, Mr. Warner was required to run one mile within eight minutes. [*See* Doc. 158].

Defendants provide medical testing and related services, including the physical exam Mr. Warner participated in, to the U.S. Department of Energy under various performance contracts. [*See id*.]. Plaintiff alleges that Mr. Warner died as a result of defendants' conduct.

[*See* Docs. 1, 158]. Defendants filed motions for summary judgment, based upon the government contractor defense. [*See* Docs. 104, 112, 116, 118].

On March 23, 2005, the Court entered a Memorandum Opinion [Doc. 156] and Order [Doc. 157] resolving the various motions and addressing the government contractor defense. In its Memorandum Opinion, the Court "conclude[d] that the provision of medical testing services does not implicate a uniquely federal interest" under the facts of this case. [Doc. 156 at 7]. Consequently, the Court determined that the government contractor defense did not apply to this case. [*Id.*].

The Court relied in part upon *Boyle v. United Tech. Corp.*, 487 U.S. 500 (1988) and 63A Am.Jur.2d *Products Liability* § 1484 to reach its conclusion. The Court, citing *Boyle*, set forth the three-part inquiry necessary to establish the government contractor defense. [*See* Doc. 156 at 4-5]. The Court then applied the inquiry to the facts of the case by addressing the threshold inquiry of whether the case involves a uniquely federal interest. Because the Court found that the case implicated an interest not unique to the federal government, specifically an interest in the provision of routine medical testing, such as the physical exams provided by defendants, the Court did not need to reach the remaining two parts of the *Boyle* inquiry. [*See id.* at 6-7 (citing *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1334 (11th Cir. 2003)].

Defendants argue that the Court should amend[1] its Order to include language allowing the Court of Appeals to exercise jurisdiction over an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). [*See* Doc. 160 at 2]. Specifically, defendants argue that application of the government contractor defense could preclude liability. [*See id.* at 3]. In addition, there is a substantial difference of opinion because the Court's decision "is contrary to the literal language of *Boyle* . . . and 63A Am.Jur.2d *Products Liability* § 1484, which the Court relied upon . . . ," and a different result was reached in similar case in the Eastern District of Tennessee. [*Id.* at 4, 7-8]. Finally, defendants argue that an interlocutory appeal would materially advance the ultimate resolution of the case. [*See id.* at 8].

Plaintiff opposes defendants' motion, arguing that there are not grounds for an interlocutory appeal. [*See* Doc. 162]. She argues that interlocutory appeals were intended to be used sparingly. [*See id.* at 3]. In addition, she argues that the Court's conclusion that there was no unique federal interest does not involve a controlling question of law because the Court could have applied other principles to reach the same conclusion that the government contractor defense does not apply in this case. [*See id.* at 4]. Plaintiff also argues that there is not a substantial ground for difference of opinion because cases cited by defendants are factually distinguishable from this case. [*See id.* at 5-6]. Finally, plaintiff

---

[1] Defendants style the motion as one to *amend* the Court's Order [Doc. 157] to allow interlocutory appeal. [*See* Doc. 160 at 3]. Others have termed such a motion as one to *certify* an order for interlocutory appeal. *See, e.g., West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis*, 138 F.Supp.2d 1015 (W.D. Tenn. 2000). In either case, the movant seeks a finding that grounds exist for an interlocutory appeal. Therefore, the Court will construe defendants' motion to amend the same as it would a motion to certify.

4

argues that an immediate appeal would actually cause more delay rather than materially advance the case. [*See id.* at 7-8].

II.     Analysis

The interlocutory decisions statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (2005). Thus, there are three requirements for certifying a ruling for interlocutory appeal: the order involves a controlling question of law, as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See id*.

The requirements for an interlocutory appeal were thoroughly discussed in *West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis*. *See* 138 F.Supp.2d 1015 (W.D. Tenn. 2000). As to the controlling question of law requirement:

> A matter of law is "controlling" if its resolution could materially affect the litigation's outcome. An issue is therefore controlling if its resolution on appeal could result in a reversal of a district court's final judgment. In addition, an issue may be considered controlling if its resolution has precedential value, if it is central to liability, or if it would save the Court and the litigants substantial time and resources.

5

*Id.* at 1018-19 (internal citations omitted). The following factors indicate when substantial grounds for difference of opinion exist: "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Id*. at 1019 (internal citations omitted). But it is insufficient to raise a "mere question as to the correctness of the ruling." *Kraus v. Bd. of County Road Comm'rs*, 364 F.2d 919, 921 (6th Cir. 1966) (quoting S. Rep. 85-2434 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5259).

Finally, in determining whether certification would materially advance the litigation, this guidance is offered:

> Interlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens. Interlocutory appeal is most appropriate early in the proceedings. In contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made.

*West Tenn. Chapter of Associated Builders & Contractors, Inc.*, 138 F.Supp.2d at 1026 (internal citations omitted).

Applying these principles to the present case, it is evident that application of the government contractor defense is a controlling question of law. The government contractor defense, if applicable, would act as a bar to recovery against defendants. *See Boyle*, 487 U.S. at 512. Determining whether the government contractor defense applies to the present case resolved whether defendants may be held liable as a matter of law. In its Memorandum Opinion [Doc. 156], the Court concluded that the government contractor defense did not apply to this case because no unique federal interest is involved. Thus, the Court addressed

6

a controlling question of law. *See West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F.Supp.2d at 1018-19 (internal citations omitted).

The Court, however, is not persuaded by defendants' argument that substantial grounds for difference of opinion exist. In making its argument on this issue, defendants attempt to make two points. First, defendants argue that the Court's decision "is contrary to the literal language of *Boyle* . . . and 63A Am.Jur.2d *Products Liability* § 1484, which the Court relied upon . . . ." [Doc. 160 at 4]. Second, defendants argue that the Court's decision in this case is at odds with the court's decision in a similar case, indicating a split within this circuit. [*See id.* at 7-8 (citing *Rievley v. Blue Cross/Blue Shield of Tenn.*, 69 F.Supp.2d 1028 (E.D. Tenn. 1999))]. Defendants offer no evidence indicating that the issue is difficult or that there is a circuit split. *See West Tenn. Chapter of Associated Builders & Contractors, Inc.*, 138 F.Supp.2d at 1019.

As to defendants' first point, even assuming, *arguendo*, the Court's decision is contrary to the literal language of *Boyle* and Am.Jur.2d., that is not substantial grounds for difference of opinion. Instead, it is a "mere question as to the correctness of the ruling," which is insufficient for an interlocutory appeal. *See Kraus*, 364 F.2d at 921 (quoting S. Rep. 85-2434 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5259).

As to defendants' second point, defendants' reliance on *Rievley v. Blue Cross/Blue Shield of Tenn.*, 69 F.Supp.2d 1028, to demonstrate a difference of opinion within this Circuit is misplaced because *Rievley* addresses different circumstances and interests than those at issue in this case. *See West Tenn. Chapter of Associated Builders & Contractors, Inc.*, 138

7

F.Supp.2d at 1019 (internal citations omitted) (holding difference of opinion within circuit factor in determining whether substantial grounds exist for difference of opinion). In *Reivley*, the court, addressing a motion to remand, concluded that the case was analogous to a case addressed by the Fourth Circuit in which that court concluded that there was a unique federal interest in the provision of health benefits for all federal workers under the Federal Employee Health Benefit Act. *Reivley*, 69 F.Supp.2d at 1037 (discussing *Caudill v. Blue Cross & Blue Shield*, 999 F.2d 74, 78 (4th Cir. 1993)). As this Court explained in its Memorandum Opinion, the present case involves the federal government's interest in contracting for the provision of routine physical exams of certain employees. [*See* Doc. 156 at 7]. Because these cases involve different federal issues and interests, *Reivley* does not represent a difference of opinion in this Circuit for purposes of determining whether grounds exist for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See West Tenn. Chapter of Associated Builders & Contractors, Inc.*, 138 F.Supp.2d at 1019 (internal citations omitted).

Finally, because the Court will conclude that there are not substantial grounds for a difference of opinion, it need not fully address the question of whether an immediate appeal may materially advance the ultimate determination of this case. The Court does note, however, that this case has been ongoing since 2000. The parties have already made significant expenditures. Thus, interlocutory appeal appears less appropriate than it might have been at an earlier stage of this case. *See West Tenn. Chapter of Associated Builders & Contractors, Inc.*, 138 F.Supp.2d at 1026 (internal citations omitted).

8

### III. Conclusion

Defendants have filed a motion asking the Court to amend its Order [Doc. 157] denying application of the government contractor defense to allow an interlocutory appeal. [*See* Doc. 160]. To certify a ruling for interlocutory appeal the Court must find that the issue must involves a controlling question as to which there are substantial grounds for a difference of opinion, and an immediate appeal might materially advance the ultimate resolution of the case. *See* 28 U.S.C. § 1292(b). The Court's denial of the application of the government contractor defense in this case involves a controlling question of law. *See West Tenn. Chapter of Associated Builders & Contractors, Inc.*, 138 F.Supp.2d at 1018-19 (internal citations omitted). It is not a question as to which there are substantial grounds for disagreement, however. *See id.* at 1019 (internal citations omitted). Finally, the Court notes that this case has been ongoing since 2000 and the parties have already made significant expenditures, making an interlocutory appeal less appropriate than it might have been at an earlier stage of the case. *See id.* at 1026 (internal citations omitted). Therefore, defendants' motion to amend [Doc. 159] will be denied.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE